IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

February 25, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

JAMES WEIFU LEE      ) ANDERSON COUNTY
                     ) 03A01-9807-CH-00209
   Plaintiff-Appellee   )
                     )
                     )
   v.                   ) HON. WILLIAM E. LANTRIP,
                     ) JUDGE
                     )
RENYI ZHAO           )
                     )
   Defendant-Appellant  ) AFFIRMED AND REMANDED


RENYI ZHAO, Appellant, Pro Se

W. BRIAN STARNES OF KNOXVILLE FOR APPELLEE


O P I N I O N


Goddard, P.J.


   Renyi Zhao appeals a judgment of the Chancery Court for Anderson County which granted her husband, James Weifu Lee, a divorce, divided the parties' marital property, which included an interest in the proceeds of Mr. Lee's pension plan, awarded her "primary/residential custody" of the parties' minor child, Joanna Junying Lee (d.o.b. 5/12/92) and $600 per month as support for Joanna.

Although Ms. Zhao was represented by counsel at trial, she thereafter discharged her counsel and prosecutes this appeal, including the filing of her appellate brief, pro se.

At the outset we note that there are two motions to dismiss--one filed by counsel for Mr. Lee and one filed by Mr. Lee individually, which counsel adopts. The motion to dismiss by counsel insists that it is proper to dismiss the appeal because no transcript of the proceedings below have been filed. The motion that Mr. Lee filed individually merely reiterates the grounds he asserts which entitle him to a divorce.

As to the former, even though there is no transcript, this Court has the obligation to review what was formerly known as the technical record and determine whether there is some infirmity requiring reversal of the judgment entered. As to Mr. Lee's motion, it does not raise any grounds for dismissal and, consequently, both motions are overruled.

Turning to the merits of the case, we find we are unable to address any issues raised by Ms. Zhao as none are set out in her brief, which also fails in a number of particulars in meeting the requirements of Rule 27 of the Tennessee Rules of Appellate Procedure relative thereto.

The only complaint Ms. Zhao raises in oral argument is that she did not want the divorce granted. Even if an issue had

been raised by her as to this point, we would be unable to review the propriety thereof because, as already noted, no transcript of the evidence has been filed. Under such circumstances this Court conclusively presumes that the evidence adduced justified the judgment entered. <u>Vanderbilt University v. Steely</u>, 566 S.W.2d 853 (Tenn.1978); <u>Leek v. Powell</u>, 884 S.W.2d 118 (Tenn.App.1994).

Before concluding, we note that the final order contains the following:

> 11. That the Defendant is awarded 1/2 of the Plaintiff's retirement, pension, etc. plan proceeds accrued during the period of time that the parties have been married while the Plaintiff (i.e., from date of employment through June 3, 1998), with the Defendant being obligated to preparing and submitting appropriate Qualified Domestic Relations Orders relative to same for approval and subsequent entry herein.

In light of the fact that Ms. Zhao is without counsel and it is doubtful whether she would be in a position to follow the Chancellor's directive relative to the foregoing, we modify the judgment to require that this order be prepared and submitted by counsel for Mr. Lee, an obligation that counsel when questioned in oral argument agreed to assume.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, including entry of the qualified domestic relations order, as may be necessary. Costs of appeal are adjudged against Ms. Zhao.

3

                                   _____
                                   Houston M. Goddard, P.J.


CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.